12-3605-cv
*Wachovia Bank, Nat. Ass'n, et al. v. VCG Special Opportunities Master Fund, Ltd.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
         SUSAN L. CARNEY,
         J. CLIFFORD WALLACE,[*]
                   *Circuit Judges.*

---

WACHOVIA BANK, NATIONAL ASSOCIATION,
WACHOVIA CAPITAL MARKETS LLC,

                   *Plaintiffs-Appellees,*

         -v.-                                    12-3605

VCG SPECIAL OPPORTUNITIES MASTER FUND,
LTD., FKA CDO PLUS MASTER FUND, LTD.,

                   *Defendant-Appellant.*

---

FOR APPELLANT:     TERENCE WILLIAM MCCORMICK (Steven Glen
                   Mintz, *on the brief*), Mintz & Gold LLP,
                   New York, NY.

FOR APPELLEES:     SHAWN PATRICK REGAN (Patrick L. Robson,
                   *on the brief*), Hunton & Williams LLP, New
                   York, NY.

---

[*] Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Defendant-Appellant VCG Special Opportunities Master Fund, Ltd. ("VCG") appeals from an August 2012 judgment of the United States District Court for the Southern District of New York (Swain, *J.*) granting Plaintiff-Appellee Wachovia Bank's motion for an award of attorney's fees and costs in the sum of $723,142.69.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

VCG does not contest the reasonableness of the amount of attorney's fees awarded.  Instead, VCG's principal argument on appeal is that Wachovia Bank did not have standing to bring this lawsuit and is not entitled to receipt of fees under the parties' May 2007 credit default swap transaction agreement (the "ISDA Agreement").  We review *de novo* the district court's alleged errors of law with respect to awarding attorney's fees.  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 198 (2d Cir. 2003).

Wachovia Bank instituted the present action to enjoin VCG from forcing Wachovia Bank's affiliate, Plaintiff-Appellee Wachovia Capital Markets ("WCM"), to submit to FINRA arbitration involving issues identical to those already being litigated between VCG and Wachovia Bank before Judge Swain in the Southern District of New York.[1] The district court initially granted summary judgment to VCG and refused to enjoin the arbitration against WCM. *Wachovia Bank, N.A. v. VCG Special Opportunities Master Fund, Ltd.*, No. 08 Civ. 5655 (LTS), 2010 WL 1222026 (S.D.N.Y. Mar. 29, 2010). Plaintiffs appealed and we reversed and remanded for the district court to enter summary judgment in favor of Wachovia Bank and WCM. *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164 (2d Cir. 2011).

Thereafter, Wachovia Bank moved for attorney's fees and costs pursuant to Section 11 of the ISDA Agreement, which obligates a defaulting party to "indemnify and hold harmless the other party for and against all reasonable out-of-pocket expenses, including legal fees . . . incurred by such other

---

[1] The prior action has since been concluded in favor of Wachovia Bank. *CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*, No. 07 Civ. 11078(LTS)(AJP), 2010 WL 3239416 (S.D.N.Y. Aug. 16, 2010).

party by reason of the enforcement and protection of its rights under this Agreement." (JA 172.) The district court granted Wachovia Bank's motion and rejected VCG's arguments in opposition. We affirm for substantially the reasons given by the district court.

This Court previously considered VCG's claim that Wachovia Bank does not have standing to litigate this matter; our prior mandate directing the district court to enter summary judgment in favor of *Wachovia* and WCM should suffice to remind VCG of our view. Moreover, we agree with the district court's explanation: Wachovia Bank has standing to enforce and protect *its* rights under the ISDA Agreement. Here, Wachovia Bank sought to guard its rights generated by the provision of the ISDA Agreement prohibiting VCG from claiming reliance on guidance provided by a Wachovia affiliate – exactly what VCG attempted to do in its arbitration statement of claim against WCM.

We have considered all of VCG's remaining arguments on appeal and hold them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk